NO. 07-00-0515-CR
NO. 07-00-0516-CR
NO. 07-00-0517-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 13, 2001

_____


DAMON ANDREW BONNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NOS. 37769-B, 38138-B, 38976-B; HONORABLE SAMUEL KISER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


In three companion cases, appellant seeks to challenge the revocation of probation heretofore granted in each case. In order to properly discuss these appeals, a brief recitation of the procedural history of the cases is necessary.

Cause No. 07-00-0515-CR

This case arose out of a prosecution for the state jail felony of possession of a controlled substance. On September 11, 1997, upon appellant's guilty plea, he was granted deferred adjudication and placed under community supervision for three years. On April 13, 1998, the State's motion to adjudicate was granted, appellant was adjudged guilty and given a probated sentence of two years confinement in a state jail facility. On October 4, 2000, appellant's probation was revoked and he was ordered to serve his two-year sentence in a state jail facility. Appellant gave a timely general notice of appeal from this revocation. This revocation hearing was held at the same time as the other revocations.

Cause No. 07-00-0516-CR

This case arose out of a prosecution for the third degree felony of possession of a controlled substance. On September 11, 1997, upon appellant's guilty plea, he was granted deferred adjudication and placed under community supervision for five years. On April 13, 1998, the State's motion to adjudicate was granted, appellant was adjudged guilty and was given a probated sentence of ten years confinement in the Institutional Division of the Department of Criminal Justice. On October 4, 2000, appellant's probation was revoked and he was ordered to serve his ten-year sentence. Appellant gave a timely general notice of appeal from this revocation. This revocation hearing was held at the same time as the other revocations.

2

In this case, appellant was indicted for the third degree felony of possession of a controlled substance alleged to have occurred on or about December 11, 1997.  On April 13, 1998, upon his guilty plea, appellant was found guilty and was given a probated sentence of ten years confinement in the Institutional Division of the Department of Criminal Justice.  On October 4, 2000, appellant's probation was revoked and he was ordered to serve his ten-year sentence.  Appellant gave a timely general notice of appeal from this revocation. This revocation hearing was held at the same time as the revocation hearings on the preceding two offenses.

On May 4, 2001, appellant's appointed attorney filed a joint brief in which he discusses each of the three cases.  In his brief, he certifies that after diligently searching the record, he is convinced there is no reversible error and the appeals are without merit. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1386, 18 L.Ed.2d 493 (1987), and *Gainous v. State*, 436 S.W. 2d 137 (Tex.Crim.App. 1969).

With his brief, counsel has filed a motion to withdraw and attached a copy of a May 4, 2001 letter informing appellant of his intent to withdraw and of appellant's right to file briefs on his own behalf.  Appellant has not availed himself of the opportunity to file a pro se brief.

In considering requests to withdraw such as this, we face two interrelated tasks. We must first satisfy ourselves that the attorney provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. We must then determine if counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), and *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

In his brief, by denominated issues, counsel outlines the result of his review of the record and the reasons for his conclusion that no reversible error exists. We have also carefully examined the record of the revocation hearings. The motions seeking revocation each contain multiple allegations. According to the reporter's record, appellant entered a plea of true to all the allegations, with the exception of allegation 4(a) in which the State asserted that appellant fled from a police officer who was lawfully attempting to detain him and that appellant knew he was a police officer. Appellant was sworn and testified concerning that allegation, as did two of the police officers involved in the incident. At the conclusion of the hearing, the court found that particular allegation was also true.

It is the rule that in a proceeding to revoke community supervision (probation), the burden is upon the State to prove by a preponderance of the evidence that the probationer has violated one of the probationary conditions as alleged in the motion to revoke. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex.Crim.App. 1984). Even so, it is equally well established that when a plea of true is entered in a revocation proceeding, the

4

sufficiency of the evidence may not be challenged. *Rincon v. State*, 615 S.W.2d 726, 747 (Tex.Crim.App. 1981); *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979). Indeed, a plea of true, standing alone, is sufficient for revocation of probation and proof of any one of the alleged violations is sufficient to support a revocation of community supervision (probation). *Moses v. State,* 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). Thus, without more, appellant's plea of true to all of the revocation allegations except allegation 4(a) would have been sufficient to sustain the revocation. However, the trial judge heard the evidence pertaining to the allegation in 4(a) and found, by the proper test, that those allegations were true. Thus, even assuming appellant's denominated issues were sufficient to present questions for our decision, they must be, and are hereby, overruled. We also find that appellant's appointed attorney has fulfilled his obligations and is entitled to withdraw.

In summary, for the reasons we have expressed, appellate counsel's motion to withdraw is hereby granted and the judgments of the trial court are affirmed.


John T. Boyd
Chief Justice

Do not publish.